UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHWESTERN OHIO PLUMBERS
AND PIPEFITTERS ACTIVE HEALTH
AND WELFARE FUND, et al.,

        Case No. 13-cv-13386

    Plaintiffs,

        HONORABLE STEPHEN J. MURPHY, III

v.

R.H. TAYLOR MECHANICAL
CONTRACTORS, LLC, et al.,

    Defendants.
                                        /

**ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT** (document nos. 17 & 18)

      Defendant R.H. Taylor Mechanical Contractors is a three-person contracting company operating out of Ottawa Lake, Michigan. Plaintiffs are several trusteed fringe benefit funds ("Funds") established under the Labor Management Relations Act ("LMRA"), 29 U.S.C § 186, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 & 1145. The Funds filed suit, alleging R.H. Taylor has not paid fringe benefits owed under a collective bargaining agreement. In July of 2014, Plaintiffs filed a motion for summary judgment, contending they are entitled to an award of $94,603.73 in unpaid fringe benefits and liquidated damages. The Court has jurisdiction under 29 U.S.C. § 185(a) and 29 U.S.C. § 1132. Having read the briefs, the Court finds a hearing is not necessary. *See* E.D. Mich. L.R. 7.1(f)(2). The Funds have not attached the relevant contracts or explained how the allegedly unpaid fringe benefits were calculated. They have not put forth any evidence showing R.H. Taylor's employees were doing covered work, or operating in the Funds' geographic jurisdiction. Thus, the Court will deny the Funds' motion for summary judgment.

**BACKGROUND**

Defendant R.H. Taylor opened shop in 2010, and primarily does rigging work. Resp., Taylor Aff. ¶¶ 2–3, ECF No. 19-1. Since 2010, it has had a total of four employees, though never more than two at any one time. According to an audit, in 2011 it hired John Lesinszki to do 54 hours of work, and paid him $1350. The following year, R.H. Taylor hired Robert Houghton on a part-time basis, and paid him $30,905. In 2013, it consistently employed two workers, Aaron Trautman and Chad Riffle, paying them a total of roughly $82,500. According to an affidavit filed by R.H. Taylor's owner, each tradesman was either an ironworker or a millwright, and did not do pipefitting or plumbing.

Plaintiffs are funds established under various federal labor laws to administer trusts on behalf of workers. The Funds claim that R.H. Taylor signed a collective bargaining agreement requiring R.H. Taylor to pay fringe benefits for each hour its employees worked on piping or plumbing. Because R.H. Taylor has not paid any fringe benefits, the Funds filed suit in 2013 seeking to collect all delinquent payments. After an audit, the Funds contend defendant owes $94,603.73 in unpaid contributions and liquidated damages. In July of 2014, the Funds filed the present motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To show that a fact is,

or is not, genuinely disputed, both parties are required to either "cit[e] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## DISCUSSION

29 U.S.C. § 1145 provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms . . . of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of . . . such agreement." For several reasons, the Court finds the Funds have not shown that R.H. Taylor was obligated to make payments under the terms of the collective bargaining agreement.

First, the Funds did not place a copy of the collective bargaining agreement in the record. The Funds have provided copies of the signature pages, which purport to show that R.H. Taylor signed the documents. Compl., CBA Signature, ECF No. 1-1; Mot. Summ. J., CBA Signature, ECF No. 18-1. But it is hard to know the legal import of the signature when

the body of the agreement is absent.[1] In their Reply, the Funds did attach "Schedule A," listing jobs considered "covered work" and therefore falling within the ambit of an agreement. Reply, Schedule A, ECF No. 20-1. But Schedule A became effective June 30, 2014, almost a year after the commencement of litigation. Furthermore, it only applies to jobs performed within "the geographical limits as defined in the agreement of which this Schedule is a part." *Id.* The Funds did not put forth evidence delineating the geographical boundaries within which the agreement applies.

Second, even if the Court accepts that Schedule A accurately depicts what is "covered work" under the agreement, the Funds have not met their burden of showing that any of R.H. Taylor's employees performed covered work. There is, simply put, no evidence in the record that R.H. Taylor's employees performed piping (covered work under Schedule A), as opposed to rigging (not covered), or some other trade. And there is no evidence that any work occurred within the Funds' geographic jurisdiction.

The Funds attempt to circumvent the lack of evidence by shifting the burden of proof. They argue that an auditor looked at R.H. Taylor's accounts and determined that the company owed $94,603.73 in unpaid benefits and liquidated damages. According to the Funds, the "presumption in law is that the audit is correct and the burden of proof is in fact on Mr. Taylor to disprove the Plaintiffs' findings." Mot. Summ. J. 8, ECF No. 18. In support, they rely on *Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc.*, 30 F.3d 692 (6th Cir. 1994). In that case, the Sixth Circuit found that when a fund shows employees "performed some covered work for the employer," but the fund could not determine the amount because of poor record keeping, the fund was "entitled as a matter of law to

---

[1] Taylor denies signing the collective bargaining agreement.

4

recover contributions for all hours worked by these [employees]." *Id.* at 697, (citing *Brick Masons Pension Trust v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1339 (9th Cir. 1988)). The court reasoned that an employer should not benefit from shoddy record keeping, especially when Congress had "impose[d] a clear duty on an employer to maintain adequate records." *Id.* at 695.

Courts applying this standard consistently find the burden shifts to the employer only once the funds show that employees performed some covered work and that the employer's record keeping was inadequate. Thus, in *Motion Picture Industry Pension & Health Plans v. N.T. Audio Visual Supply, Inc.*, 259 F.3d 1063 (9th Cir. 2001), a pension fund audited an employer, and determined the employer owed $32,000 in unpaid benefits. The court determined that the fund adequately proved the employer "failed to keep adequate records," as multiple auditors testified the employer's "records were insufficiently clear to determine precisely how many hours of covered work were performed" by the employees. *Id.* at 1066. Nonetheless, the court entered judgment for the employer, stating that the pension fund did not produce evidence "proving that there existed some employees who (a) performed covered work that was (b) unreported to the Plans." *Id.* at 1067; *c.f., Trs. of the Painters Union Deposit Fund v. Ybarra Const. Co.*, 113 F. App'x 664, 668 (6th Cir. 2004) (putting the burden on the employers where "the [employers] have admitted liability but disagree with the auditor's calculation of damages").

Here, as stated above, the Funds have not put forth evidence that any R.H. Taylor employee engaged in covered work under the collective bargaining agreement. Moreover, they have not provided any evidence that R.H. Taylor's record-keeping was inadequate. Unlike in *Motion Picture*, the Funds have not submitted affidavits or testimony from the

auditors attesting to the quality of the records. Nor is there other evidence suggesting the records are incomplete.

Third, the Funds rely on an audit prepared during litigation. The only indication the audit is correct, however, is the auditor's affidavit stating "[b]ased on the examination of the Defendants' records, the following amounts are owed to the Funds, exclusive of interest and other costs and fees through the periods specified above, in my best examination, based on Defendants records: $94,603,73." Mot. Summ. J., Nichols Aff. ¶ 4, ECF No. 18-5. There is no other evidence in the record that would help the Court evaluate the accuracy of the audit. For example, the audit states that R.H. Taylor must pay $7.50 to the Health and Welfare fund for each hour John Lesinszki worked in 2011. Mot. Summ. J., Audit, ECF No. 18-6. But the Funds have not provided the Court with any Schedule or contract that would verify the hourly rate. Similarly, the auditor found R.H. Taylor needed to make fringe benefit contributions for every hour each employee worked since 2011. But he provides no support for that assertion, other than his conclusory statement that his calculations are correct.

Fourth, the Funds seek liquidated damages equating to ten percent of withheld fringe benefits. In support of their claim, the Funds provided a document outlining the union's collection policies and procedures. Mot. Summ. J., Ex. 7, ECF No. 18-7. The document went into effect in November of 2013, after the commencement of litigation. Furthermore, while it is signed by a host of "employer's trustees," it is not signed by the defendant. Nor do the Funds explain how this document—which was not in effect during the applicable time period and was not signed by defendant—applies to the present dispute.

6

## CONCLUSION

The Funds are asking the Court to impose liability on a small, three person company. The sum-total of their evidence is the signature page to a missing contract, an audit supported only by the assurance of the auditor that his calculations were correct, and a collection policy that was not in effect during the applicable time period and was not signed by the defendant.  The Court must deny the Funds' motion for summary judgment.[2]

---

[2] As explained above, the Funds bear the burden of showing that R.H. Taylor's employees engaged in piping within the Funds' geographic jurisdiction. They have not put forth any evidence showing R.H. Taylor's employees engaged in covered work. Nonetheless, the Court cannot dismiss the case because R.H. Taylor did not file a motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Funds' Motion For Summary Judgment (document nos. 17 & 18) is **DENIED**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: December 26, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 26, 2014, by electronic and/or ordinary mail.

                                        s/Carol Cohron
                                        Case Manager